UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JESSICA ANDERS, et al                       CIVIL ACTION NO. 06-2164

VERSUS                                      U.S. DISTRICT JUDGE DEE D. DRELL

DARYL F. BARMORE, et al                     U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. # 26,** referred to me by the district judge for report and recommendation.

Facts

This is a suit for damages arising out of an automobile accident. Plaintiff, Jessica Anders, claims that she was rear-ended by a vehicle driven by defendant Barmore who was operating an 18 wheeler vehicle owned by his employer, Swift Transportation Co., Inc., and insured by defendants Mohave Transportation  Insurance Company and Lexington Insurance Company.

The case was filed in the 9th Judicial District Court, Rapides Parish, Louisiana and was timely removed to this court by defendants Swift, Mohave and Lexington based on diversity jurisdiction. In the notice of removal, defendants allege that defendant Barmore, a resident of Louisiana,  is improperly joined and that his domicile may be ignored for purposes of determining diversity jurisdiction. Specifically, defendants claim that, because Barmore is alleged by plaintiffs to have been in the course and scope of his employment at the time of the accident, and because his employer is responsible for his actions as an employee, plaintiffs have no claim against Barmore  individually.

<u>Legal Framework</u>

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000.  28 U.S. § 1332(a); <u>Caterpillar v. Lewis</u>, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996).  All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction.  <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 125 S.Ct. 2611, 2635 (2005).  Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332.  However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit.  "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court.  <u>McKee v. Kansas City Southern Railway Co.</u>, 358 F.3d 329, 333 (5th Cir. 2004); <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the driver of the vehicle, Barmore.  Their burden of proof is a heavy one.  See <u>Ross v. Citifinancial</u>, 344 F.3d 458, 463 (5th Cir. 2003); <u>Travis</u>, 326 F.3d at 648.  Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim.  <u>Smallwood v. Illinois Central R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004).  To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s).  *Id.*  All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor.  <u>Travis</u>, 326 F.3d at 648.

<u>Analysis</u>

Defendants have failed to show that there is no reasonable possibility of recovering against Barmore. Their analysis is simply incorrect as a matter of law, for the mere fact that a defendant's employer may also be liable by virtue of *respondeat superior* and that a defendant driver was in the course and scope of his employment when he caused an accident does not relieve the driver from personal responsibility. Defendants cite <u>Canter v. Koehring Co.</u>, 283 So.2d 716 (La. 1973) in support of their proposition. However, Canter only stands for the proposition that liability may not be imposed upon an employee, officer, or agent simply because of his general administrative responsibility; rather, only if he caused plaintiff's damages by breach of a personal duty may liability be imposed. This principle is often seen applied in suits against store-owners where the store manager or employee, who has only general administrative responsibility for the store, is "fraudulently" named as a defendant. In such cases, the domicile of the store manager or employee is ignored for purposed of determining diversity jurisdiction. See, e. g., <u>Carriere v. Sears Roebuck and Company</u>, 893 F.2d 98 (5th Cir. 1990).

In this case, defendants in brief assert that plaintiffs have only alleged that Barmore is liable in his capacity as a Swift employee. Nothing could be further from the truth.[1] In fact, plaintiffs have, in paragraph 5 of the complaint, specifically listed 8 different acts of alleged negligence on the part of Barmore. Furthermore, plaintiffs have, in the complaint, specifically asked for judgment against Barmore individually.

This is not a case where the diversity destroying defendant has only general administrative

---

[1] Defense counsel are instructed AND WARNED to ensure the accuracy of their factual statements in this court.

responsibilities, but rather is a case where it is alleged that the defendant's own personal and active negligence in driving an 18 wheeler into the back of plaintiff's car caused injuries. Similarly, whether or not Barmore is a necessary or indispensable party is irrelevant to the analysis. Barmore is a properly named party against whom recovery may be had for his own negligence if the facts support it.

Complete diversity does not exist. It is, therefore, unnecessary to consider defendants' arguments concerning defendant Lexington.

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion to remand be GRANTED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 18th day of April, 2007.**

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE